# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RICHARD POWELL, VICKIE POWELL § <br> § <br> v. § <br> § <br> NATIONSTAR MORTGAGE LLC, U S § <br> BANK NATIONAL ASSOCIATION, AS § <br> TRUSTEE FOR THE HOLDERS OF BANC § <br> OF AMERICA FUNDING CORPORATION § <br> 2008-FT1 TRUST, MORTGAGE PASS- § <br> THROUGH CERTIFICATES, SERIES § <br> 2008-FT-1 § <br> § | Civil Action No. 4:16-CV-251 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 29, 2016, the report of the Magistrate Judge (Dkt. #32) was entered containing proposed findings of fact and recommendations that Plaintiffs' Motion to Remand (Dkt. #11) be denied. Having received the report of the Magistrate Judge (Dkt. #32), having considered each of Plaintiffs' timely filed objections (Dkt. #33), Defendants' Response (Dkt. #34), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #32) as the findings and conclusions of the Court.

## BACKGROUND

Richard Powell and Vickie Powell ("Plaintiffs") filed a civil action in the Probate Court of Denton County, PR-2016-00326 ("State Court Action") against Defendant Nationstar Mortgage, LLC ("Nationstar") and Defendant U.S. Bank National Association, as Trustee for the

holders of Bank of America Funding Corporation 2008-FT1 Trust, Mortgage Pass-Through Certificates Series 2008-FT1 ("U.S. Bank"). Plaintiffs seek a declaratory judgment that, because their loan has been accelerated for more than four years, the Deed of Trust is void pursuant to Texas Civil Practice and Remedies Code § 16.035(d) and consequently U.S. Bank and any servicer acting on behalf of U.S. Bank is barred from enforcing their rights under the Deed of Trust (and foreclosing on the Property).

By way of background, on January 18, 2006, Plaintiffs executed a Note payable to Bank of America, N.A., and a Deed of Trust to secure payment of the Note for the refinance of real property located at 11697 Keystone Drive, Frisco, Texas 75034 fka 11697 Purgatory, Frisco, Texas 75034 ("Property"). On June 15, 2011, the Deed of Trust was assigned to U.S. Bank. BAC Home Loans Servicing, LP acted as the servicer on the Property for U.S. Bank until July 2013, at which time Nationstar became the loan servicer. Plaintiffs allege they first received a notice of acceleration on June 22, 2011 from BAC Home Loans Servicing, LP. Years later, on March 15, 2016, Plaintiffs received a "Notice of Foreclosure Sale" related to the Property. On March 30, 2016, Plaintiffs filed the instant suit against Nationstar and U.S. Bank seeking to prevent a foreclosure sale scheduled for April 5, 2016.

U.S. Bank filed its Notice of Removal for the instant suit on April 13, 2016. U.S. Bank asserts that this Court has diversity jurisdiction because Nationstar is a nominal party, and thus, diversity jurisdiction exists. On May 16, 2016, Plaintiffs filed a Motion to Remand, and on May 27, 2016, U.S. Bank filed a Response. Plaintiffs filed a Reply on June 6, 2016, and at the request of the Court, U.S. Bank filed a Supplemental Response in late July. The Magistrate Judge entered a report and recommendation on November 29, 2016, recommending Plaintiffs' Motion to Remand be denied (Dkt. #32). Specifically, the Magistrate Judge found that Nationstar is a

nominal party and; accordingly, should not be considered in the Court's diversity jurisdiction analysis. Subsequently, on December 12, 2016, Plaintiffs filed their objection to the Magistrate Judge's report and recommendation. On December 16, 2016, U.S. Bank filed its Response.

## ANALYSIS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiffs object generally that equity demands Nationstar remain as a party to this suit. Plaintiffs argue that Nationstar is not a nominal party because it has been authorized by agreement with U.S. Bank to service the mortgage, all contact related to the Loan goes directly through Nationstar, and Nationstar has a substantial, significant relationship to the Loan.

"The grandaddy case in our circuit dealing with nominal parties and removal is *Tri–Cities Newspapers, Inc.*, 427 F.2d 325 (5th Cir. 1970)." *Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); *see Schmelzer v. Nationstar Mortgage, LLC, et al.*, No. 4:16-cv-389, 2016 WL 4368735, *2 (E.D. Tex. Aug. 16, 2016). "The *Tri–Cities* test of whether defendants are nominal parties 'is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Farias*, 925 F.2d at 871. Plaintiffs cite *Farias* for the notion that "equity is the major concern in the nominal party inquiry," and should govern the result herein (which Plaintiffs assert is to remand).

Here, the absence of Nationstar would not prevent this Court from entering a final judgment entirely consistent with the relief sought by Plaintiffs. Indeed, the Eastern District of Texas, and this Court, recently directly confronted the exact factual scenario presented by Plaintiffs' case. In

*Schmelzer v. Nationstar Mortgage, LLC, et al.*, the District Court was likewise presented with an action filed in the Probate Court of Denton County, Texas against both the mortgage servicer (Nationstar) and the mortgagee (Deutsche Bank). No. 4:16-CV-389, 2016 WL 4368735, *1 (E.D. Tex. August 16, 2016). Therein, the plaintiff—as here—sought a declaration that because her loan had been accelerated for more than four years, foreclosure was barred and argued that the mortgage servicer was a necessary party to the action premised on the servicer's broad authority to act on behalf of the mortgagee. *Id.* at *3-4. The District Court, after noting that the issue of whether diversity jurisdiction exists is a separate inquiry from whether a servicer can qualify as a real party in interest, found that the Court could enter a final judgment against the mortgagee (which would also be binding on any servicer thereof), assuming the plaintiff prevailed, and give the plaintiff the full relief she requested. *Id.* Accordingly, the mortgage servicer was a nominal party, and the Court denied plaintiff's motion to remand. *Id.* at *5.

Plaintiffs' objection to the Magistrate Judge's recommendation and report does not attack the application of *Schmelzer*, and the Court sees no reason to stray from *Schmelzer* in a case that is nearly identical in both fact and law. Moreover, Plaintiffs' objection fails to articulate how Nationstar's absence in the instant suit would be inequitable and/or would preclude the Court from entering a final judgment, consistent with the relief sought by Plaintiffs, that is fair and equitable. The fact that "all correspondence is funneled through Nationstar" and, from Plaintiffs' perspective, Nationstar is more involved with the loan, fails to identify any practical effect Nationstar's absence would have on the Court's ability to grant Plaintiffs' requested declaratory relief. Under the circumstances of this case, Nationstar is a nominal party; the only required party is U.S. Bank, the mortgagee. The Court finds, in Nationstar's absence, it could still enter a final judgment against U.S. Bank, giving Plaintiffs the full relief requested in their Petition. Also notable, there are also

no independent or separate allegations that Nationstar did anything wrong other than allegedly improperly seeking foreclosure as the agent for U.S. Bank.  Accordingly, Nationstar is not a necessary party for the relief sought by Plaintiffs.  Plaintiffs' objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiffs' timely filed objections (Dkt. #33), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #32) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiffs' Motion to Remand (Dkt. #11) is **DENIED**, and Nationstar Mortgage, LLC is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE